ALEXANDRA ASTERLIN, SBN 221286
alexandra.asterlin@ogletree.com
ALYSSA C. MALINOSKI, SBN 322794
alyssa.malinoski@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 Capitol Mall, Suite 2800
Sacramento, CA  95814
Telephone:   916-840-3150
Facsimile:    916-840-3159

Attorneys for Defendants APTIM CORP.
and HIGH DESERT SUPPORT
SERVICES, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO TORRES, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>APTIM, CORP.; HIGH DESERT SUPPORT<br>SERVICES, LLC; and DOES 1-30, inclusive,<br><br>            Defendant. | Case No.<br><br>**DEFENDANTS APTIM CORP. AND HIGH DESERT SUPPORT SERVICES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>*[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Declarations of Lizbeth Gonzalez and Alyssa C. Malinoski in Support of Removal]* |

1

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

**TO THE UNITED STATES DISTRICT COURT AND TO PLAINTIFF HIS ATTORNEYS OF RECORD:**

1.      PLEASE TAKE NOTICE THAT Defendants Aptim Corp. ("APTIM") and High Desert Support Services, LLC ("HDSS") (collectively "Defendants"), by and through the undersigned counsel, hereby remove the above-entitled action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1331 and 1446 on the grounds that this action raises claims based, in part, on federal law (28 U.S.C. § 1331).  The foregoing facts were true at the time Plaintiff filed the civil complaint in this matter and true as of the date that Defendants file this Notice of Removal ("Notice"), as detailed below.

## I.      TIMELINESS OF REMOVAL

2.      On May 16, 2025, Plaintiff Ricardo Torres ("Plaintiff") filed a civil Complaint against Defendants in San Bernardino Superior Court, entitled, "*RICARDO TORRES, Plaintiff v. APTIM, CORP.; HIGH DESERT SUPPORT SERVICES, LLC; and DOES 1 through 30, inclusive, Defendants,*", Case No. CIVVS2502116 (hereinafter, the "State Action").  The Complaint asserts causes of action against Defendants for: (1) discrimination on the basis of disability in violation of California's Fair Employment and Housing Act ("FEHA"); (2) harassment based on disability in violation of FEHA; (3) retaliation based on disability in violation of FEHA; (4) failure to engage in the interactive process in violation of FEHA; (5) failure to accommodate in violation of FEHA; (6) interference and retaliation based on a violation of California Family Rights Act ("CFRA") (7) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; (8) failure to provide rest breaks; (9) waiting time penalties; (10) failure to provide accurate wage statements; and (11)  violation of California Business and Professions Code section 17200, *et seq.*  A true and correct copy of the complaint is attached to this Notice as "**Exhibit 1**"; *see also* Declaration of Alyssa C. Malinoski ("Malinoski Decl.") filed concurrently with this Notice, ¶ 2.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

3.    On May 21, 2025, Plaintiff served Defendants with a copy of the Complaint.  The service packet included a copy of the service of process transmittal summary, civil summons, complaint, civil case cover sheet, notice of case assignment, and other accompanying documents.  A true and correct copy of the service packet is attached to this Notice as "**Exhibit 2**"; *see also* Malinoski Decl., ¶ 3.

4.    On June 18, 2025, Defendants filed a general denial answer in San Bernardino County Superior Court.  A true and correct copy of the Defendants' filed Answer is attached to this Notice as "**Exhibit 3**"; *see also* Malinoski Decl., ¶ 4.

5.    Exhibits 1 through 3 to this Notice constitute all pleadings, process, and orders served in the State Court Action at the time of this removal.

6.    This Notice is timely filed in that June 20, 2025 is the thirtieth (30th) day after Defendants were served with the Complaint in this action, setting forth the claims for relief upon which Plaintiff brings this case.

7.    Plaintiff also names as defendants "DOES 1 through 30" in the Complaint.  Defendants are informed and believe, and on that basis alleges, that Plaintiff has caused none of the fictitiously-named defendants to be served with the summons and complaint in this action.  Therefore, those fictitiously-named defendants are not parties to the above-captioned action and need not consent to removal.  *See* 28 U.S.C. § 1441(b)(1); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("Does" defendants need not be joined in a removal petition).

## II.    FEDERAL QUESTION JURISDICTION EXISTS IN THIS ACTION

8.    This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil action that presents a federal question.

9.    Plaintiff's claims are either based upon or preempted by federal law, specifically Section 301 of the LMRA ("Section 301"), 29 U.S.C. § 185. Under Section 301, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

brought in a district court for the United States having jurisdiction of the parties without regard to the amount in controversy or without regard to the citizenship of the parties." *Firestone v. S. Cal. Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000).

10. Section 301 of the Labor Management Relations Act ("LMRA") provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Further, Section 301 of the LMRA provides a basis for federal jurisdiction and authorizes federal courts to develop a federal common law of the interpretation of collective bargaining agreements. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988). To ensure uniform interpretations of collective bargaining agreements, federal common law preempts the use of state law in collective bargaining agreement interpretation and enforcement. *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962); *Lingle*, 486 U.S. at 411.

11. Section 301 preempts state law claims requiring interpretation of a CBA. "[T]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 23 (1983). Section 301 also preempts "any state [law] claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988). "[T]he key to determining the scope of Section 301 preemption is not based on how the complaint is framed," it is based on whether resolution of the claims requires "referring to the terms of the…[CBA]." *Id*. The reason is that "the interpretation of [CBAs] is exclusively a matter for arbitration under federal law." *Levy v. Skywalker Sound*, 108 Cal.App.4th 753, 762 (2003). "Once preempted, 'any claim purportedly based on [a] state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987).

4

12. State law causes of action whose outcome depends on an interpretation of the terms of a collective bargaining agreement are preempted by Section 301 of the LMRA. *Young*, 830 F.2d at 997, 999. If evaluation of a claim is inextricably intertwined with consideration of the terms of the labor contract, it is preempted and may be removed to federal court. *Id*. These claims must be re-characterized as LMRA Section 301 claims and, as such, are removable to federal court. *Associated Builders & Contractors*, 109 F.3d at 1356; *Young*, 830 F.3d at 997, 1002.

### A. Plaintiff's Employment is Governed by a CBA

13. At all relevant times up to and during Plaintiff's employment with HDSS, Plaintiff was, all times relevant to Plaintiff's civil complaint, a member and represented by a labor organization known as the Teamsters Union Local No. 166 ("Union"). *See* Declaration of Lizbeth Gonzalez ("Gonzalez Decl."), filed concurrently with this Notice, at ¶ 3; *see also* Exh. 1, Complaint ¶¶ 20, 21. The Union is a labor organization within the meaning of Section 2(5) of the NLRA and Section 301 subsection (a) of the LMRA, 29 U.S.C. sections 152(5) and 185 subsection (a).

14. At all relevant times up to and including Plaintiff's employment with HDSS, the Union and HDSS have been, and continued to be, parties to a collective bargaining agreement ("CBA") that sets forth the terms and conditions governing Plaintiff and other Union members' employment with HDSS in the same bargaining unit. *See* Gonzalez Decl., ¶ 4, Ex. 4.

15. At all relevant times, Plaintiff's employer HDSS is a company engaged in commerce and in an industry affecting commerce within the meaning of the NLRA and the LMRA, 29 U.S.C. sections 152(2), (6), (7) and 185 subsection (a).

16. By way of allegations in his Complaint, Plaintiff admits he is a member of the Union. *See* Exh. 1, Complaint ¶¶ 20, 21. Additionally, Plaintiff's job position during his employment with HDSS was covered by the applicable CBA. *See* Gonzalez Decl., ¶¶ 2-4, Ex. 4.

/ / /

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

**B.      Plaintiff's Claims Are Preempted by the LMRA**

**1.      Plaintiff's Failure to Reference Section 301 of the LMRA in the Complaint Does Not Preclude Removal**

17.      The Complaint omits the fact that Plaintiff's claims are subject to a CBA. However, a plaintiff may not be permitted to "artfully plead" his complaint to conceal the true nature of the complaint. *Young v. Anthony's Fish Grottos, Inc*., 830 F.2d 993,997 (9th Cir. 1987).  Thus, the Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003).  Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction."  *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), *overruled in part on other grounds in Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

18.      An artfully pleaded state law claim is properly "re-characterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 of the LMRA "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law.").

19.      Pursuant to the "artful pleading" doctrine, a claim arises under and is governed by Section 301(a) if the nature of the claim depends upon or requires interpretation of a collective bargaining agreement, even if the plaintiff omits reference to that agreement in her lawsuit or purports to base her claims on state law.  *See Stallcop v. Kaiser Found. Hosps.*, 820 F.2d 1044, 1048 (9th Cir. 1987) ("Stallcop's

6

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

complaint does not reveal that her employment is governed by a collective bargaining agreement, but this is not dispositive under the 'artful pleading' doctrine. Under this doctrine, the court may investigate the true nature of the plaintiff's allegations; if the complaint actually raises a section 301 claim on the collective bargaining agreement, even though it is framed under state law, the claim is preempted."); *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984) ("… employees frequently attempt to avoid federal law by basing their complaint on state law, disclaiming any reliance on the provisions of the collective bargaining agreement. . . . In such cases the 'artful pleading' doctrine requires that the state law complaint be re-characterized as one arising under the collective bargaining agreement. The case may then be removed to federal court and adjudicated under the appropriate federal law."), *overruled on other grounds by Allis- Chalmers*, 471 U.S. 202.

20.   The relevant inquiry in determining preemption is not whether the challenged action is specifically covered by the collective bargaining agreement, but whether the Court must interpret the labor agreement in ruling on the claim. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988).  If the Court must interpret the agreement to make its decision, the claim is preempted, regardless of whether the action is actually found to be covered under the agreement. *See Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146-47 (9th Cir. 1988).

### (a)   Plaintiff's Claims are Preempted by the LMRA

21.   Plaintiff's allegations that Defendants violated the California Labor and Government Code involve various rights that "exist solely as a result of the CBA" and/or are "inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chambers*, 471 U.S. at 213.  Specifically, Plaintiff's Complaint seeks damages based on the following alleged violations: (1) discrimination on the basis of disability in violation of FEHA; (2) harassment based on disability in violation of FEHA; (3) retaliation based on disability in violation of FEHA; (4) failure to engage in the interactive process in violation of FEHA; (5) failure to accommodate in

7

violation of FEHA; (6) interference and retaliation based on a violation of CFRA; (7) failure to prevent discrimination, harassment, and retaliation in violation of FEHA; (8) failure to provide rest breaks; (9) waiting time penalties; (10) failure to provide accurate wage statements; and (11) violation of California Business and Professions Code section 17200, *et seq.*

22.    **Plaintiff's Disability Discrimination Claim**:  The Ninth Circuit has held that state law discrimination claims may be preempted by Section 301 of the LMRA if the claims are either "based upon" a collective bargaining agreement or "dependent upon an interpretation of that agreement."  *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991); *Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1110 (9th Cir. 1999).

23.    The Complaint provides Plaintiff began experiencing severe depression and was advised by his primary care physician to attend therapy once a week, and that he would have to take some time off to attend therapy and submitted the doctor's note to his union and HDSS' human resources department.  *See* Exh. 1, Complaint ¶ 20. The Complaint further alleges Plaintiff's doctor recommended disability leave for him through February 21, 2022, and Plaintiff submitted the necessary documentation for his disability leave to human resources. However, despite this, Plaintiff alleges, in part, that Defendants discriminated against him by failing to provide him reasonable accommodations.  *See* Exh. 1, Complaint ¶¶ 38-49.

24.    The applicable CBA specifically provides in relevant part, "[t]here shall be no discrimination or harassment by the Company or the Union against any employee because of race, sex, creed, color, national origin, age, handicap, veteran status or other status protected by applicable federal, state or local law or regulations. There shall be no harassment or discrimination against any employee exercising his right to file a grievance…[t]he Company shall continue to utilize the 'Hot Line' method to address reports of harassment and discrimination as defined in 32.03.00 in an expeditious manner…[a]ny employee reporting such harassment or discrimination

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

shall receive a written response of the results of the investigation within thirty (30) calendar days." *See* Gonzalez Decl., ¶ 4, Ex. 4, CBA, Article 32.00.00, Sections 32.03.00 and 32.03.03. Accordingly, Plaintiff's discrimination claim is "inextricably intertwined" with the CBA and is therefore preempted by Section 301 of the LMRA. *See Audette*, 195 F.3d at 1113.

25. **Plaintiff's Failure to Accommodate and Failure to Engage in the Interactive Process Claims**: In resolving these claims, the Court again will have to interpret the CBA to determine whether the accommodations sought were "reasonable" and whether HDSS' decisions regarding the requested accommodations were otherwise lawful.

26. Resolution of Plaintiff's claims will require an application and interpretation of the CBA because, to prove part of his claims, Plaintiff will be required to show he submitted sufficient documentation from his physician regarding his alleged disability to trigger the end of his leave and requests for accommodations in accordance with the CBA. Specifically, Plaintiff must show Defendants failed to follow the medical leave procedure outlined in the CBA, which provides, "[l]eaves of absence for legitimate personal health reasons will be granted to an employee for a period of up to six (6) calendar months runs concurrently with FMLA if eligible and may be extended when supported by satisfactory medical proof supplied by the employee. An employee requesting a leave of absence for medical reasons shall be subject to examination by the Company designated physician if the Company determines such examination is necessary. The employee shall be given written instructions, with a copy sent to the Union, at the time he begins such leave of absence that if an extension beyond six (6) months is needed and then denied, he may be terminated. It is the intent of the parties that the six (6) months leave of absence shall include a one-time utilization of leave with medical coverage for the entire six (6) month period during the term of the agreement. If additional leaves of absence are needed during the term of this agreement, said medical coverage shall be paid in

9

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

compliance with the requirements of the Family Medical Leave Act (three (3) months additional medical coverage in accordance with the Act) and Article 30.00.00 of this Agreement. Employees shall not be required to use their PPL and/or Vacation time when given an approved Leave of Absence or FMLA Leave….[a]n employee on leave of absence for personal health reasons may return to work prior to or at the expiration of such leave upon the full release of his personal physician and subject to the approval of the Company and provided work is available.  While on leave of absence for personal health reasons the employee shall notify the Company as to his potential of returning to work following each visit to the physician and shall provide the Company with medical evidence of his continuing disability." *See* Gonzalez Decl., ¶ 4, Ex. 4, CBA, Article 17.00.00, Sections 17.03.01 and 17.03.02.  Thus, to prove his claims that Defendants discriminated against him, failed to provide reasonable accommodations, and ultimately violated the California Fair Employment and Housing Act and the CBA, the absence and medical leave provisions of the CBA must be interpreted.

27.    As such, because Plaintiff's fourth and fifth causes of action for failure to accommodate and failure to engage in the interactive process are substantially dependent on interpretation of the CBA, they are therefore preempted by Section 301 of the LMRA.  *See Hayden*, 957 F.2d at 1509.

28.    **Plaintiff's Retaliation Claims**: Plaintiff's third and sixth causes of action for retaliation are preempted by Section 301 of the LMRA.  In the Complaint, Plaintiff alleges the same allegedly "unlawful conduct" in support of both his retaliation and discrimination claims.

29.    Just like with discrimination claims, employers may defend against a retaliation claim by offering a legitimate, non-retaliatory reason for the alleged illegal conduct.  *See Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042 (2005).  Plaintiff also will have to rebut the stated reasons for his termination with evidence that the reasons were pretextual.  Accordingly, for the same reasons discussed above, resolution of the retaliation cause of action is "inextricably intertwined" with the CBA

10

and is therefore preempted by Section 301 of the LMRA.  *See Audette*, 195 F.3d at 1113.

30.  **Plaintiff's Failure to Prevent Discrimination, Harassment, and Retaliation Claim:** Plaintiff's seventh cause of action for failure to prevent discrimination, harassment, and retaliation are derivative from, and involve the same set of operative facts as his discrimination and retaliation claims.  As such, resolution of this cause of action is "inextricably intertwined" with the CBA and is therefore preempted by Section 301 of the LMRA.  *See Audette*, 195 F.3d at 1113.

**31.  Plaintiff's Additional Claims:** Plaintiff's failure to provide rest periods, wage statement claims, and unfair competition claims derive from his underlying claims. Courts also find rest period claims to be preempted where the applicability of the Labor Code provisions require analysis and interpretation of a CBA. *See e.g., Coria v. Recology, Inc.*, 63 F.Supp.3d 1093, 1097 (N.D. Cal. 2014); *Ayala v. Destination Shuttle Servs. LLC*, No. cv-13-6141 GAF (PJWx), 2013 WL 12092284, at *4 (C.D. Cal. Nov. 1, 2013). Thus, these claims are also dependent upon an analysis and interpretation of the CBA, as set forth above. *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1150, n. 3 (finding inaccurate pay stub and final pay claims to be derivative of and dependent on underlying claims of overtime, meal and rest period, and minimum wages); *Estrada v. Kaiser Foundation Hospitals*, 678 Fed. Appx. 494, 497 (9th Cir. 2017) (finding that when a claim derives from a LMRA-preempted claim, the derivative claim also fails); *Jimenez v. Young's Market Co., LLC*, No. 21-cv-02410-EMC, 2021 WL 5999082 at *13 (N.D. Cal. Dec. 20, 2021) (finding that claims for failure to pay final wages and provide accurate wage statements were preempted because they were derivative of substantive claims for owed overtime and meal break violations).)[1]

---

[1] Plaintiff's remaining claims are also preempted. They are preempted because the CBA must be interpreted to resolve the plaintiff's claims, and/or because they are derivative of preempted claims. *See Firestone*, 219 F.3d at 1066-67; *Estrada v. Kaiser Found. Hospitals*, 678 Fed.App 494, 497 (9th Cir. 2017); *see* Gonzalez Decl., ¶ 4, Ex.

11

32.    **Grievance and Arbitration Procedure:** Moreover, an alleged violation of the CBA is subject to its grievance and arbitration procedures, which serve the underlying purposes of the LMRA.  *See* Gonzalez Decl., ¶ 4, Ex. 4, CBA, Article 26.00.00.  Thus, Plaintiff's claims cannot be resolved without interpreting provisions of the CBA.

33.    Further, as the majority of Plaintiff's claims (causes of action 1 through eight) are, in essence, alleged violations of the CBA, the Court will also necessarily have to interpret its grievance and arbitration provisions.  *See* Gonzalez Decl., ¶ 4, Ex. 4, CBA, Article 26.00.00.  Specifically, Plaintiff's causes of action 1 through 8 are alleged violations of the California Fair Employment and Housing Act, California Family Rights Act, and California Labor Code, which will require an application and interpretation of the CBA.

34.    Accordingly, Plaintiff's claims are (1) completely preempted by Section 301 of the LMRA, (2) are properly characterized as a Section 301 claim, and (3) removal jurisdiction exists on this basis.  As discussed, Section 301 preempts all state law claims the evaluation of which is "inextricably intertwined" with the resolution of a dispute about the meaning or application to of the terms of a labor contract.  *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991).  "Once preempted, any claim purportedly based on a state law is considered, from its inception, a federal claim, and therefore arises under federal law."  *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (internal citations and quotations omitted); *accord Harris v. Alumax Mill Products, Inc.*, 897 F.2d 400, 403 (9th Cir. 1990).  All of Plaintiff's claims

---

4, CBA, Article 11.00.00, Section 11.07.00 ("[t]he Company shall permit the employee to take a fifteen (15) minute rest period during each half of the work shift, which may be taken without loss of pay.  When climatic conditions warrant and operational requirements permit, management may direct additional rest periods without loss of pay.  The Company shall permit the employee to take a fifteen (15) minute rest period at the end of his shift prior to the commencement of scheduled or unscheduled overtime. Lunch will not be taken in conjunction with the fifteen (15) minute breaks.")

12

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

are wholly derivative of Plaintiff's allegations of discrimination and retaliation in violation of the California Fair Employment and Housing Act based upon Defendants' alleged decision regarding how to accommodate him as a result of his condition as provided in the CBA.

35.     The promotion of extra-judicial dispute resolution is another purpose of Section 301 preemption. State court lawsuits properly removed on preemption grounds may then be deferred to arbitration, if the parties to the CBA have so agreed.  *See Livadas v. Bradshaw*, 512 U.S. 107, 142 fn. 18 (1994).  As a result, Plaintiff's claims are therefore subject to exclusive grievance procedures and arbitration as discussed above.  Accordingly, any alleged violation of the CBA is subject to the grievance procedures set forth therein.  As a result, the Court will necessarily have to interpret the grievance and arbitration provisions to analyze the claims in this case.  That is, the Court will be required to determine whether Plaintiff was first required to exhaust the grievance procedures, whether he did in fact exhaust those procedures, and whether the parties agreed to arbitrate all or some of their claims.  The exhaustion of administrative remedies is a procedural prerequisite to maintaining a Section 301 action.  *Smith v. Colgate-Palmolive Co.*, 943 F.2d 764, 767 (7th Cir. 1991).  Before filing suit, federal labor policy dictates that an employee is "[o]rdinarily ...  required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement."  *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983) (citing *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965)); *Smith*, 943 F.2d at 771.

## III.    SUPPLEMENTAL JURISDICTION

36.     Pursuant to 29 U.S.C. § 1367(a), supplemental jurisdiction is appropriate when state and federal claims "derive from a common nucleus of operative facts." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *see also, Van Bebber v. Dignity Health*, 1:19-cv-00264-DAD-EPG, 2019 WL 4127204, at *9 (E.D. Cal. Aug. 30, 2019) (exercising supplemental jurisdiction over a plaintiff's remaining

causes of action because they arose out of the same employment relationship as their overtime claim).

37.    Any such non-preempted cause of action in the Complaint arises out of the same common nucleus of operative facts as the preempted causes of action and would normally be tried in one case.  *See* 28 U.S.C. § 1367; see also *Bale v. Gen. Tel. Co. of California*, 795 F.2d 775, 778 (9th Cir. 1986) (all claims that arose from the same alleged representations made at the time of hiring "fall within the scope of pendent jurisdiction").  Indeed, Plaintiff's Complaint confirms that each of his causes of action all arise from the common nucleus of operative facts that Defendants allegedly failed to accommodate his purported disability and retaliated against him. The Court should exercise supplemental jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a) given that the claims all derive out of these alleged facts.

38.    Moreover, considerations of judicial economy, convenience and fairness to the litigants require that all of the causes of action alleged in the Complaint be tried in one forum.  *See Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995) ("Pendent jurisdiction over state claims exists when the federal claim is sufficiently substantial to confer federal jurisdiction, and there is 'a common nucleus of operative fact between the state and federal claims. . . . The decision to retain jurisdiction over state law claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity.") (internal citations omitted).

39.    In addition, and in the alternative, even if supplemental jurisdiction did not exist, any non-preempted cause of action may properly be removed to this Court pursuant to the provisions of 28 U.S.C. Section 1441(c), in that any such cause of action has been joined with claims which would have been removable if sued upon alone, and, therefore, the entire case may be removed on the basis of federal jurisdiction.

/ / /

/ / /

14

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

## IV.    PLEADINGS AND PROCESS

40.    <u>Parties</u>:  Defendants bring this Notice of Removal on their own behalf.

41.    <u>Pleadings</u>:  In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders served in this action, including the summons, complaint, and answer, are attached to this Notice as **Exhibits 1 to 3**.

42.    <u>Proper Court and Intradistrict Assignment</u>:  Removal to this Court is proper under 28 U.S.C. section 1441(a) because San Bernardino Superior Court is geographically located within this Court's district and division.

43.    <u>Notice</u>: Defendants are serving a copy of this Notice on all adverse parties and a notice will be filed with the clerk of Superior Court of California for the County of San Bernardino pursuant to 28 U.S.C. § 1446(d).

44.    <u>Signature</u>:  This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

45.    <u>Consent of All Defendants</u>: The Complaint names two defendants, APTIM and HDSS.  All served defendants have consented to removal of this action, through their undersigned counsel.

46.    By removing on the basis of federal question, Defendants do not concede or make any admissions relating to the merit and/or value of Plaintiff's allegations, claims or damages.  Defendants deny the material allegations contained in the Complaint, generally and specifically.

## V.    PRAYER FOR REMOVAL

WHEREFORE, Defendants respectfully request that the State Action be removed from the state court in which it was filed to the United States District Court, in and for the Central District of California, and further requests that this Court issue all necessary orders and process and grant such other and further relief as in law and justice that Defendants may be entitled to receive.

/ / /

/ / /

15

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

DATED:  June 20, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By: */s/ Alexandra Asterlin*

Alexandra Asterlin
Alyssa C. Malinoski

Attorneys for Defendants APTIM CORP. and HIGH DESERT SUPPORT SERVICES, LLC

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

90641045.v1-OGLETREE